UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>                               **Plaintiff,**<br>v.<br><br>HVIZDZAK CAPITAL MANAGEMENT, LLC; HIGH STREET CAPITAL LLC; HIGH STREET CAPITAL PARTNERS, LLC; SHANE HVIZDZAK; and SEAN HVIZDZAK,<br><br>                             **Defendants.** | No. 1:20-cv-154-SPB |

**CONSENT ORDER GRANTING PRELIMINARY INJUNCTION, MAINTAINING ASSET FREEZE, AND ENLARGING DEFENDANTS' TIME TO PROVIDE COURT-ORDERED INFORMATION**

On June 16, 2020, Plaintiff Securities and Exchange Commission ("Commission") filed the above-captioned emergency action and requested a temporary restraining order, an asset freeze, and other relief against Defendants Hvizdzak Capital Management, LLC ("HCM"); High Street Capital LLC ("HSC"); High Street Capital Partners LLC ("HSCP"), Shane Hvizdzak ("Shane"), and Sean Hvizdzak ("Sean;" collectively, "Defendants") pursuant to Rule 65 of the Federal Rules of Civil Procedure. That same day, the Court granted the Commission's requests and scheduled a preliminary injunction hearing on June 30, 2020.

The parties now consent,[1] without a hearing, to continue the relief the Court granted in its temporary restraining order with certain modifications identified in this Order pending the Court's final adjudication of this matter or until further order of the Court, as follows:

## I.

## PRELIMINARY INJUNCTION

**IT IS ORDERED** that Defendants, and their respective directors, officers, agents, servants, employees, attorneys, representatives and those persons in active concert or participation with them, who receive actual notice of this Order, by personal service or otherwise, are preliminarily restrained and enjoined from:

    A.    **Section 17(a) of the Securities Act**

directly or indirectly, in the offer or sale of any securities, by the use of any means or instruments of transportation or communication in interstate commerce or by the use of the mails,

    (a)    employing any device, scheme or artifice to defraud;

    (b)    obtaining money or property by means of any untrue statement of a material fact or any omission to state a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

    (c).    engaging in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser;

in violation of Section 17(a) of the Securities Act, 15 U.S.C. § 77q(a); and

---

[1] By consenting to this Order, the Defendants do not admit or concede any violations of 15 U.S.C. §§ 77q or 78j, or any other allegations in the Complaint.

B.  **Section 10(b) of the Exchange Act and Rule 10b-5 Thereunder**

directly or indirectly, in connection with the purchase or sale of any security, by the use of any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange,

(a)  employing any device, scheme or artifice to defraud;

(b)  making any untrue statement of a material fact or omitting to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(c)  engaging in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person;

in violation of Section 10(b) of the Exchange Act, 15 U.S.C. § 78j(b), and Rule 10b-5 thereunder, 17 C.F.R. § 240.10b-5.

II.

**ASSET FREEZE**

**IT IS FURTHER ORDERED** that until the Court's final adjudication of this matter or until further order of the Court:

A.  Defendants and their agents, servants, employees, attorneys in-fact, and those persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, and each of them, shall hold and retain within their control, and otherwise prevent any disposition, transfer, pledge, encumbrance, assignment, dissipation, concealment, or other disposal (except to the extent this Order requires any transfer to repatriate assets to the United States) whatsoever of any of their funds or other assets or things of value presently held by them, under their control, or over which they exercise actual or apparent

investment or other authority, including, but not limited to, accounts over which any Defendant has signatory authority, in whatever form such assets may presently exist and wherever located; and

  B. Any financial or brokerage institution or other person or entity holding any such funds or other assets, in the name, for the benefit or under the control of Defendants, directly or indirectly, including, but not limited to, accounts over which any Defendant has signatory authority, held jointly or singly, and wherever located, and which receives actual notice of this order by personal service, mail, email, facsimile, or otherwise, shall hold and retain within its control and prohibit the withdrawal, removal, transfer, disposition, pledge, encumbrance, assignment, set off, sale, liquidation, dissipation, concealment, or other disposal of any such funds or other assets (except to the extent this Order requires any transfer to repatriate assets to the United States).  The Commission has served the Court's June 16, 2020 Temporary Restraining Order on the following institutions and, to date, has frozen assets in the following accounts:

| **Financial Institution** | **Account Name** | **Account Ending** |
|---|---|---|
| CNB Bank | Sean Hvizdzak and Chelsea Hvizdzak | x1517 |
| CNB Bank | Sean Hvizdzak and Chelsea Hvizdzak | x0923 |
| CNB Bank | 561HS LLC | x8590 |
| Northwest Bank | Lang & Hvizdzak PLLC | x7472 |
| Northwest Bank | BH Adventures LLC | x8817 |
| Northwest Bank | Lang & Hvizdzak PLLC | x7399 |

| | | |
|---|---|---|
| Northwest Bank | Lang & Hvizdzak PLLC | x8043 |
| Northwest Bank | Sean Hvizdzak and Chelsea Hvizdzak | x0632 |
| Signature Bank | High Street Capital Fund USA, LP | x1713 |
| Signature Bank | High Street Capital Fund USA, LP | x1705 |
| Signature Bank | High Street Capital Partners LLC | x1691 |
| Signature Bank | High Street Capital LLC | x1683 |
| Hamlin Bank and Trust Company | Shane T. Hvizdzak | x0380 |
| Hamlin Bank and Trust Company | Hvizdzak Capital Management | x0398 |
| PNC Bank | Shane Hvizdzak and Peter J. Hvizdzak | x2476 |
| PNC Bank | 561HS LLC | x6023 |
| Gemini Trust Company LLC | Shane Hvizdzak | x6804 |
| Gemini Trust Company LLC | Sean Hvizdzak | x4146 |
| Gemini Trust Company LLC | High Street Capital Fund USA, LP | x3034 |
| Bittrex, Inc. | Shane Hvizdzak | x@gmail.com |
| Bittrex, Inc. | Shane Hvizdzak | x@gmail.com |
| Bittrex, Inc. | Sean Hvizdzak | x@highstreet.capital |
| PNC Bank | Shane and Peter Hvizdzak | x2476 |
| PNC Bank | 561HS LLC | x6023 |
| PNC Bank | Sean and Chelsea Hvizdzak | x7713 |

| Venmo, LLC | Various | Various |
|---|---|---|
| Paxos Trust Company, LLC | Shane Hvizdzak | -acea840 |

The Defendants reserve the right to move the Court to remove the asset freeze on any frozen account, including to seek payment of reasonable counsel fees and ordinary course, necessary living and household expenses.

### III.

### SWORN ACCOUNTINGS

**IT IS FURTHER ORDERED** that on or before **30 days** from the date the Court issues this Consent Order, each Defendant shall serve upon the Commission a verified written accounting, which Defendant must sign under penalty of perjury, providing the following information:

(a) Each account with any financial institution, bank, digital asset exchanges, or brokerage firm maintained in Defendant's name, held for Defendant's direct or indirect beneficial interest, or over which Defendant exercised any direct or indirect control from January 1, 2017, through the date of the accounting, including the name of the financial institution and name and last four digits of the account number;

(b) All assets, funds, digital assets, or other properties, whether real or personal that is valued greater than $5,000, currently held by the Defendant, jointly or individually, for his direct or indirect beneficial interest, or over which he maintains control, wherever situated, and identifying the location, value, and disposition of each such asset, fund, and other property; and

(c) All assets, funds, digital assets, securities, real, or personal property of Defendants that is valued greater than $5,000 that was transferred to or for the benefit of any other person or

entity from January 1, 2017, to the date of the accounting, including a description of each transferred asset, the name of the recipient, the date of the transfer, and the reason for the transfer.

(d) A list of all investors or limited partners in any partnership or other pooled investment vehicle that Defendant owns, controls, is a general partner of, or serves as an investment advisor to, including, but not limited to, High Street Capital Fund USA, LP.

The Defendants reserve the right to move for an extension of the date for submission of the accounting and retain their ability to raise Constitutional privileges in responding to Section III of this Order.

IV.

RECORDS PRESERVATION

**IT IS FURTHER ORDERED** that Defendants, their directors, officers, agents, servants, employees, attorneys, depositories, banks, and those persons in active concert or participation with any one or more of them, and each of them, be and they hereby are restrained and enjoined from, directly or indirectly, destroying, mutilating, concealing, altering, disposing of, or otherwise rendering illegible in any manner, any of the books, records, documents, correspondence, brochures, manuals, papers, ledgers, accounts, statements, obligations, files and other property of or pertaining to Defendants, wherever located and in whatever form, electronic or otherwise, until further Order of this Court.

V.

ASSET REPATRIATION

**IT IS FURTHER ORDERED** that, on or before **30 days** from the date the Court issues this Consent Order, each Defendant shall repatriate all assets obtained from the activities

described in the Commission's Complaint that are now located outside the territorial limits of the United States, to the extent a Defendant has any such assets, and that each Defendant direct the return of such assets to the Registry of this Court, pending conclusion of this matter.

The Defendants reserve the right to move for an extension of the date for repatriation and retain their ability to raise Constitutional privileges in responding to Section V of this Order.

## VI.

## PRELIMINARY ACCOUNTING

**IT IS FURTHER ORDERED** that, on or before **5 days** from the date the Court issues this Consent Order, each Defendant, to the best of their knowledge and ability, provide the Commission preliminary lists of accounts, assets, and investors as required and described in Section III above.

The Defendants reserve the right to raise Constitutional privileges in responding to Section VI of this Order.

## VIII.

## RETENTION OF JURISDICTION

**IT IS FURTHER ORDERED** that this Court shall retain jurisdiction over this matter and Defendants in order to implement and carry out the terms of all Orders and Decrees that may be entered and/or to entertain any suitable application or motion for additional relief within the jurisdiction of this Court, and will order other relief that this Court deems appropriate under the circumstances.

SO AGREED on June 26, 2020:

| | |
|---|---|
| s/Matthew Scarlato<br>Matthew Scarlato<br>James Smith<br>SECURITIES AND EXCHANGE COMMISSION<br>100 F Street, NE<br>Washington, DC  20549<br>(202) 551-3749 (Scarlato)<br>(202) 551-5881 (Smith)<br>scarlatom@sec.gov<br>smithja@sec.gov<br><br>*Counsel for Plaintiff* | s/ Efrem M. Grail<br>Efrem M. Grail<br>THE GRAIL LAW FIRM<br>Koppers Building, 30th Floor<br>436 Seventh Avenue<br>Pittsburgh, PA  15219<br>(412) 227-2969<br>egrail@graillaw.com<br><br>*Counsel for Defendants Shane Hvizdzak, High Street Capital Management, LLC, High Street Capital LLC, and High Street Capital Partners LLC*<br><br>s/ David Berardinelli<br>David Berardinelli<br>DEFOREST KOSCELNIK YOKITIS & BERARDINELLI<br>Koppers Building, 30th Floor<br>436 Seventh Avenue<br>Pittsburgh, PA  15219<br>(412) 227-3135<br>berardinelli@deforestlawfirm.com<br><br>*Counsel for Defendant Sean Hvizdzak* |

**DONE AND ORDERED** this 26th day of June, 2020.

*Susan Paradise Baxter*
_____
UNITED STATES DISTRICT JUDGE