IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

SECURITIES AND EXCHANGE )
COMMISSION, )
 )
                Plaintiff, )
 )
   v. )
 ) Civil Action No. 20-154E
HVIZDZAK CAPITAL MANAGEMENT, )
LLC; HIGH STREET CAPITAL LLC; )
HIGH STREET CAPITAL PARTNERS, )
LLC; SHANE HVIZDZAK; and )
SEAN HVIZDZAK, )
 )
                Defendants. )

**MEMORANDUM AND ORDER OF COURT**

Presently before the Court is a Motion to Unfreeze Limited Assets to Pay for Attorney's Fees, (Docket No. 146), filed by Defendants Shane Hvizdzak ("Shane") and Hvizdzak Capital Management, LLC, High Street Capital LLC, and High Street Capital Partners, LLC (collectively, the "Entity Defendants"), Defendant Sean Hvizdzak's ("Sean") Response to and Joinder in the Motion, (Docket No. 148), and Plaintiff Securities and Exchange Commission's ("SEC") Opposition thereto, (Docket No. 149). For the reasons set forth herein, Defendants' Motion will be denied.

**I.    BACKGROUND**

This SEC civil enforcement action alleges that Defendants, brothers Shane and Sean Hvizdzak, and the affiliated Entity Defendants, violated the Securities Act of 1933 ("Securities Act") and the Securities Exchange Act of 1934 ("Exchange Act") by fraudulently raising and subsequently misappropriating tens of millions of dollars of largely retail investor funds from the

sale of limited partnership interests in High Street Capital Fund USA, LP, that they claimed would invest in digital assets. (*See* Docket No. 74, ¶ 1). Shane and Sean were indicted in a parallel criminal proceeding on August 10, 2021. (*See United States v. Shane Hvizdzak and Sean Hvizdzak*, Crim. No. 21-30E, Docket No. 1).

Shortly after this civil action commenced, the Court entered a temporary restraining order followed by a preliminary injunction freezing approximately $6 million of investor funds that remained in Defendants' financial accounts. (Docket Nos. 8, 21). The Court subsequently ordered the liquidation of certain digital assets, which increased the total value of those frozen assets to over $7 million. (Docket Nos. 68; 74, ¶ 3). The SEC contends that at least $24 million in additional investor funds entrusted to Defendants remain missing. (Docket Nos. 74, ¶ 3; 149 at 3). Although the Court partially stayed this case on August 11, 2021, after Shane and Sean were indicted, the stay did not prelude the SEC from continuing to search for and locate additional investor assets[1] through both formal and informal means of discovery. (Docket Nos. 94, 111). The SEC now represents that it has not located any additional investor assets despite completing its search after undertaking diligent efforts. (Docket No. 149 at 4).

On March 25, 2022, Shane's retained counsel, Attorney Efrem M. Grail, moved to withdraw as counsel of record in both the civil and criminal cases. (Civ. No. 20-154E, Docket No. 121; Crim. No. 21-30E, Docket No. 59). Subsequently, Shane took extensive time in attempting to secure new counsel, causing the Court to conduct numerous status conferences[2] to discern whether (and when) he would be engaging replacement counsel for himself in both the criminal

---

[1] The Court also ordered the parties to engage in negotiations regarding interim relief aimed at returning the frozen assets to the investors. (Docket No. 111). The parties engaged in extensive negotiations culminating in the SEC's proposed settlement with the Entity Defendants, but Shane and his counsel terminated their attorney-client relationship and Attorney Grail moved to withdraw from representation in this case on the cusp of consummating the settlement for interim relief. (Docket No. 121).

[2] *See* Crim. No. 21-30E, Docket Nos. 61, 62, 66, 74, 80.

and civil cases and for the Entity Defendants in the civil case. Given the apparent lack of progress related to Shane's attempt to retain new counsel, on July 1, 2022, the Court granted Mr. Grail's motion to withdraw as counsel in the criminal case and appointed an assistant federal public defender to represent Shane. (Crim. No. 21-30E, Docket Nos. 84, 86). At present, Mr. Grail's motion to withdraw as counsel in the civil case remains pending, (*see* Docket No. 121), and he still is the attorney of record for Shane and the Entity Defendants in this case.

At a hearing on October 19, 2022, Shane represented that he had retained Attorney Michael DeRiso to represent him and the Entity Defendants in both the civil and criminal cases, but that he needed a brief period to secure funds to finalize the retention. (Docket No. 136). The Court gave Shane until October 21, 2022 to complete this engagement, but Shane failed to do so by that deadline. Then, on November 4, 2022, with legal representation for Shane and the Entity Defendants in this civil case still unresolved, the Court issued an Order to Show Cause directing Shane to explain why substitute counsel has not yet entered an appearance. (Docket No. 140). On November 8, 2022, Mr. DeRiso entered his limited appearance in both the criminal and civil cases in order to file a motion to unfreeze assets for legal representation. (Civ. No. 20-154E, Docket Nos. 142, 143, 144; Crim. No. 21-30E, Docket Nos. 91, 92, 93). Immediately thereafter, Mr. DeRiso filed motions in both cases seeking to unfreeze $250,000 to pay for attorney's fees on behalf of Shane and the Entity Defendants. (Civ. No. 20-154E, Docket No. 146; Crim. No. 21-30E, Docket No. 94). Sean filed responses in both cases joining these motions. (Civ. No. 20-154E, Docket No. 148; Crim. No. 21-30E, Docket No. 96). Although Sean does not take a position on Shane's motions and defers to the Court's discretion, he submits that if the Court were to unfreeze assets for Shane, then in the interest of equity it ought to unfreeze a commensurate amount of assets for Sean's attorney's fees, too. (*Id.*).

## II. ANALYSIS

This Court froze the assets at issue in order to prevent their dissipation and diversion pursuant to Section 20(b) of the Securities Act, 15 U.S.C. § 77t(b), Section 21(d) of the Exchange Act, 15 U.S.C. § 78u(d), and Federal Rule of Civil Procedure 65. (Docket Nos. 8, 21). *See also SEC v. Infinity Group Co.*, 212 F.3d 180, 197 (3d Cir. 2000). Shane and the Entity Defendants now ask the Court to unfreeze $250,000 to retain new counsel in both the civil and criminal cases. If the Court is inclined to grant such relief, Sean also requests that the Court unfreeze $250,000 to pay his attorney's fees.[3] This Court has the discretion to do so, but it is guided here by several factors that courts commonly consider in securities cases when evaluating a defendant's request to release frozen assets: first, whether such assets are traceable to the allegedly fraudulent activity; second, whether unfreezing such assets would assist in returning funds to their rightful owners or otherwise be in the investors' interests; and third, whether the frozen assets fall short of the amount necessary to compensate victims of the alleged fraud scheme. *See, e.g., SEC v. Forte*, 598 F. Supp. 2d 689, 692-93 (E.D. Pa. 2009); *SEC v. Abdallah*, Case No. 1:14-cv-1155, 2017 WL 11680996, at *2-3 (N.D. Ohio March 24, 2017) (citing cases). None of these factors support unfreezing assets to pay Shane's and the Entity Defendants' attorney's fees on the current record.

First, Shane and the Entity Defendants have not established that $250,000 (or any other amount) of frozen assets are not the investors' funds or are otherwise not traceable to the alleged fraud, despite carrying the burden of doing so. *See SEC v. End of the Rainbow Partners, LLC*, No. 17-cv-02670, 2019 WL 8348323, at *13 (D. Colo. Nov. 25, 2019). Defendants' Motion references $7.1 million in assets frozen by the SEC and another $400,000 seized by the Federal Bureau of Investigation, but the Motion does not trace the ownership of any non-forfeited assets to

---

[3] When addressing these Motions at a recent status conference, Mr. DeRiso represented that Shane would share any unfrozen assets with Sean for the purpose of paying for legal counsel.

Defendants themselves or otherwise establish that such assets are not traceable to the purported fraud. Moreover, the SEC's motion for a temporary restraining order describes in detail the funds that are now frozen and traces the "vast majority" of those funds to the investors. (Docket Nos. 3, 4). Shane and the Entity Defendants simply have not identified any of Defendants' funds (which are not subject to criminal forfeiture) that are not the investors' funds or not traceable to the purported fraud.

Second, Shane does not establish how unfreezing such assets to pay for legal fees in this case would assist in returning funds to their rightful owners or otherwise be in the investors' interests. The Court recognizes that securing legal counsel for the Entity Defendants could aid in expeditiously consummating a potential agreement as to interim relief intended to return the currently frozen assets to the investors, and that limited settlement efforts would not likely consume a material amount of frozen assets, but Defendants' Motion does not seek such limited relief.

Third, the approximately $7 million of frozen assets is woefully short of the approximately $31 million allegedly taken from the investors, leaving a shortage of $24 million. Shane and the Entity Defendants attempt to explain that they are asking for a "modest" amount of frozen funds that represents a mere 3% of the total amount frozen. However, the percentage of the investors' funds requested to be unfrozen and redirected for Defendants' attorneys' fees is irrelevant. Rather, the appropriate inquiry is whether sufficient assets remain to cover the investors' losses. Here, it would be inequitable to redirect $250,000 or $500,000 of the investors' funds for Defendants' legal fees, especially when approximately $24 million of the investors' funds purportedly remain unaccounted for.

### III. CONCLUSION

Based upon the foregoing, the Court denies Defendants' Motion without prejudice to refiling if they can establish that the Court should exercise its discretion to unfreeze assets consistent with the relevant factors addressed herein. Furthermore, the Court modifies its Order dated August 11, 2021 (as previously modified by the Court's Order of November 15, 2021), staying this civil proceeding solely in relation to Defendant Shane Hvizdzak's deposition, (*see* Docket Nos. 94, 111), and stays this case in its entirety[4] now that the SEC has exhausted its discovery efforts to identify and freeze additional investor funds. *See Landis v. North American Co.*, 299 U.S. 248 (1936). However, as previously noted, the Court recognizes the burden that an indefinite stay would place upon the SEC, interested non-parties, and the public. Accordingly, a party may move to modify or lift the stay based upon a change of circumstances or other good cause. Finally, given that this case is now stayed, the Court will grant Mr. Grail's motion to withdraw as counsel for Defendants.

An appropriate order follows.

### ORDER OF COURT

AND NOW, this 17th day of January, 2023, for the reasons set forth in the Memorandum above, IT IS HEREBY ORDERED as follows:

1) The Motion to Unfreeze Limited Assets to Pay for Attorney's Fees, (Docket No. 146), filed by Defendants Shane Hvizdzak, Hvizdzak Capital Management, LLC, High Street Capital LLC, and High Street Capital Partners, LLC, and joined by Sean Hvizdzak, (Docket No. 148), is DENIED without prejudice;

---

[4] This stay shall not preclude the parties from revisiting discussions regarding interim relief or otherwise engaging in settlement discussions.

2) The Court's Order dated August 11, 2021, (Docket No. 94), as previously modified by the Court's Order dated November 15, 2021, (Docket No. 111), is further MODIFIED to provide that this case is STAYED in its entirety; however, a party may move to modify or lift the stay based upon a change of circumstances or for other good cause shown; and,

3) Attorney Efrem M. Grail's Motion for Leave to Withdraw as Attorney of Record for Defendants Shane Hvizdak, Hvizdzak Capital Management, LLC, High Street Capital LLC, and High Street Capital Partners, LLC, (Docket No. 121), is GRANTED for good cause shown.

*s/ W. Scott Hardy*
W. Scott Hardy
United States District Judge

cc/ecf:  All counsel of record